# NUNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **Davionna Holmes,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 4:22-cv-01380 |
| | ) | |
| v. | ) | |
| | ) | |
| **Menard, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Davionna Holmes ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Menard, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sexual harassment based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Missouri Human Rights Commission ("MHRC").  (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Davionna Holmes resides in Saint Clair County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Menard, Inc. doing business in and for Saint Louis County, Missouri whose address is 11140 St. Charles Rock Rd., Saint Ann, MO 63074.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. The Plaintiff, Davionna Holmes, was hired at Menard, Inc., in their Retail Sales position, on or around August 3, 2022, until she was unlawfully terminated because of her sex (female), her sexual orientation (lesbian), and in retaliation for engaging in protected activity on or around September 22, 2022.

12. Defendant has subjected Plaintiff to different terms and conditions of employment than others not within their protected class and has subjected Plaintiff to a hostile work environment because of her sex and her sexual orientation, violating Title VII.

13. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. The Defendant's discriminatory actions and hostile work environment is a material change in the terms of employment.

15. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

16. The Plaintiff has endured sexual harassment to the point that she made complaints and has suffered adverse employment actions, including termination.

17. The Defendant's severe and pervasive unwelcomed conduct that management failed to address created a hostile work environment.

18. The terms and conditions of employment were altered in the case of the Plaintiff. The non-female lesbian employees all maintained all privileges of work while the Plaintiff suffered adverse employment actions, such as demotions and ultimately was terminated.

19. On or around August 3, 2022, and immediately after being hired, Manager Rex

began referring to the Plaintiff as "he" due to her clothing that appeared masculine.

20. Rex continued to intentionally misidentify the Plaintiff's gender in front of other employees and customers.

21. Due to Rex mocking the Plaintiff as "he", the customers began to do the same.

22. This behavior was severe and pervasive and encouraged by the Defendant causing daily humiliation from her employer and customers.

23. This was extremely embarrassing, humiliating and degrading to the Plaintiff and she immediately filed a complaint with the General Managers, John and Matt.

24. Unfortunately, the Plaintiff's complaints went unaddressed.

25. On or around September 3, 2022, Management approached the Plaintiff and told the Plaintiff that the Retail Sale position was no longer a good fit for her.

26. This position was in the front of the store with customer contact and was a preferred position within the company.

27. The Plaintiff was then demoted to the forklift driver position in the back of the building with no customer contact.

28. On or around September 12, 2022, the Plaintiff began her new position as a forklift driver.

29. Manager Brian told the Plaintiff that she was not going to be on the forklift and again was demoted to cardboard collection.

30. It is apparent that the discrimination experienced in the Plaintiff's previous position would continue in the new position and that her employment opportunities would be limited.

31. The Plaintiff then attempted to address the discrimination with Manager Brian, unfortunately, Brian did not address her concerns and no changes were made.

32. The Plaintiff then attempted to speak with her Manager Jake and again her concerns went unaddressed.

33. The next day the Plaintiff was sent home from work, and the following day she was terminated.

34. Due to the Plaintiff's sexual orientation, her employer took assignments away from her and ultimately terminated the Plaintiff in retaliation for engaging in a protected activity.

35. The Plaintiff has been subjected to discrimination on the basis of her sex, (female), sexual orientation (lesbian) and retaliated against in violation of Title VII of the Civil Rights Act of 1964.

36. Plaintiff is able to show that she participated in protected activity under Title VII and that Defendant retaliated against her for doing so.

37. Plaintiff suffered multiple adverse employment actions including, but not limited to reduction of pay, hours and termination.

38. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

39. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her managers about the harassment.

### COUNT I
### Sex-Based Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. Defendant knew or should have known of the harassment.

43. The sexual harassment was severe or pervasive.

44. The sexual harassment was offensive subjectively and objectively.

45. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

47. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

48. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

49. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment and discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

50. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

51. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

6

52. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

54. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Liquidated damages;

    h. Punitive damages;

    i. Reasonable attorney's fees and costs; and

    j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of December, 2022.

Respectfully submitted,


**/s/** *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ. (**ARDC# 6302103)
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*