IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHEYENNE JAWORSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZASTAVA ARMS, USA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00419<br><br>Judge Edmond E. Chang |

## JOINT INITIAL STATUS REPORT

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

1. **Nature of Case**
    a. **Attorneys of record**

| | |
|---|---|
| **Nathan C. Volheim, Esq.** (Lead Attorney)<br>**Franklin Jara, Esq.**<br>SULAIMAN LAW GROUP LTD.<br>2500 South Highland Ave., Suite 200<br>Lombard, IL 60148<br>(630) 568-3056<br>nvolheim@sulaimanlaw.com<br>fjara@sulaimanlaw.com<br>*Attorneys for Plaintiff*<br><br>All attorneys for Plaintiff are members in good standing of the trial bar for the Northern District of Illinois. | **Troy M. Sphar, Esq.** (Lead Attorney)<br>**Mary J. Goers, Esq.**<br>Swanson, Martin & Bell, LLP<br>330 North Wabash Ave., Suite 3300<br>Chicago, IL 60611<br>(312) 321-9100<br>tsphar@smbtrials.com<br>mgoers@smbtrials.com<br>*Attorneys for Defendant*<br><br>All attorneys for Defendant are members in good standing of the bar for the Northern District of Illinois. |

　　b. **State the basis for federal jurisdiction**.
　　　Subject matter jurisdiction exists as this lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA"), and the Pregnancy

    Discrimination Act of 1978, which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").

c. **Nature of the claims, counterclaims or affirmative defenses**.
This action arises out of Plaintiff's employment relationship with the Defendant, including Defendant's allegations of hostile work environment in violation of the ADA, and the Pregnancy Discrimination Act of 1978, based on Plaintiff's contention that Defendant terminated Plaintiff's employment because of her disability, pregnancy and in retaliation for attempting to assert her rights under the ADA and Title VII when Plaintiff reported harassment and discrimination on the basis of her disability and pregnancy. This lawsuit also arises under Title VII for Defendant's sex-based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

    Defendant denies any wrongdoing.

d. **Major legal and factual issues.**
   i. Whether Plaintiff is a member of a protected class;
   ii. Whether and to what extent Defendant was aware of Plaintiff's alleged disability;
   iii. Whether Plaintiff was performing at Defendant's legitimate expectations;
   iv. Whether Plaintiff suffered an adverse employment action;
   v. Whether Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably;
   vi. Whether Plaintiff is qualified to perform the essential functions of her job, with or without reasonable accommodation;
   vii. Whether Plaintiff requested accommodations;
   viii. Whether Defendant implemented reasonable accommodations,
   ix. Whether Plaintiff engaged in protected activity;
   x. Whether the protected activity and adverse employment action are causally connected;

e. **Describe the type and calculation of damages and any other relief sought by Plaintiff(s).**
    Plaintiff seeks the following relief:
   i. Back pay with interest;
   ii. Payment of interest on all back pay recoverable;
   iii. Front pay;
   iv. Loss of benefits;

      v. Compensatory and punitive damages;

     vi. Reasonable attorneys' fees and costs;

    vii. Award pre-judgment interest if applicable; and

   viii. Award Plaintiff any and all other such relief as the Court deems just and proper.

Defendants deny that Plaintiff is entitled to any relief.

2. **Pending Motions and Case Plan**
   a. **Status of Service:** Defendant waived service on January 25, 2023 and filed their Answer and Affirmative Defenses to Plaintiff's Complaint on March 21, 2023.
   b. **Identify All pending Motions**
      None.
   c. **Proposed discovery and case management plan:**
      i. **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery:**
         The Parties anticipate the need for both written and oral discovery and have agreed to electronic service.
      ii. **A date for Rule 26(a)(1) disclosures:** April 28, 2023
      iii. **A date to issue written discovery:** May 12, 2023
      iv. **A fact discovery completion date:** November 10, 2023
      v. **Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions):**
         At this time, the parties are unsure as to whether they will require expert discovery but intend to advise the Court on whether it will be necessary after the close of fact discovery.
      vi. **A proposed date for the filing of dispositive motions (if any):**
         January 30, 2024
      vii. **A tentative trial date:** June, 2024
   d. **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**
      A jury trial is requested. The parties anticipate the length of trial to be 5 days.
   e. **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E):**
      The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

3. **Consent to Proceed Before a Magistrate Judge**
   a. **State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment:**

> The parties consent to proceed before the Magistrate Judge for all purposes, including entry of a final judgment.

4. **Status of Settlement Discussions**
    a. **State whether any settlement discussions have occurred:**
       Settlement discussions have occurred.
    b. **Describe the status of any settlement discussions:**
       Plaintiff made an initial demand on November 9, 2022. Discussions are ongoing.
    c. **Whether the parties request a settlement conference:**
       The parties do not request a settlement conference at this time.

Respectfully submitted,

| | |
|---|---|
| *s/Franklin Jara, Esq.* | *s/Troy M. Sphar, Esq.* |
| **Franklin Jara, Esq.** | **Troy M. Sphar, Esq.** |
| **Nathan C. Volheim, Esq.** | **Mary J. Goers, Esq.** |
| SULAIMAN LAW GROUP LTD. | Swanson, Martin & Bell, LLP |
| 2500 South Highland Ave., Suite 200 | 330 North Wabash Ave., Suite 3300 |
| Lombard, IL 60148 | Chicago, IL 60611 |
| nvolheim@sulaimanlaw.com | (312) 321-9100 |
| fjara@sulaimanlaw.com | tsphar@smbtrials.com |
| *Attorneys for Plaintiff* | mgoers@smbtrials.com |
| | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2023, a true and correct copy foregoing has been filed using the Court's CM/ECF system, effecting electronic service on all parties of record.

*s/Franklin Jara, Esq.*
**Franklin Jara, Esq.**